UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROLAND P. HAMILTON,<br><br>                          Plaintiff,<br><br>v.<br><br>ROMEO ARANAS, et. al.,<br><br>                          Defendants. | Case No. 3:15-cv-00342-RCJ-WGC<br><br>**ORDER**<br><br>Re: ECF Nos. 39 |

Before the court are four motions filed by Plaintiff: (1) Plaintiff's Motion for Discovery/First Request for Production of Documents (Electronic Case Filing (ECF) No. 39); (2) Motion for Order of Unlimited Time to Examine Medical Files (ECF No. 40); (3) Motion to Compel (ECF No. 41); and (4) Motion Requesting Examination by an Outside Doctor (ECF No. 42).

**1. Motion for Discovery/First Request for Production of Documents (ECF No. 39)**

Plaintiff asks Dr. Aranas to produce documents, including: (1) his entire medical file from June 30, 2013 to March 7, 2016, including all CAT scans and ultrasounds and results from Great Basin Imagery; (2) any written analyses and diagnoses of the CAT scans and ultra sounds; (3) all medical records from Valley Hospital Medical Center from June 5, 2013 to June 21, 2013; (4) all doctors notes from examinations of Plaintiff's abdomen before and after his abdominal aortic aneurysm surgery; all rules, regulations and policies that govern follow-up visits to a treating specialist after surgery and regarding hernia surgeries

The court issued a scheduling order in this case on September 26, 2016. (ECF No. 32.) This stated that discovery had to be completed by December 26, 2016. Dispositive motions were due by January 26, 2017. As a result of the entry of a scheduling order, Plaintiff could have served discovery requests, including requests for production of documents directly to Defendant. Under Local Rule 26-8, absent an order from the court, discovery requests are not to be filed

with the court, and instead are to be served on the other party.

Defendant filed his dispositive motion on August 29, 2016. (ECF No. 22.) Plaintiff filed his response on September 12, 2016. (ECF No. 28.) Briefing on the motion was completed on September 21, 2016. (ECF No. 31.) Plaintiff waited until November 21, 2016, two months after briefing on the motion was completed, to try and obtain discovery from Defendant. Plaintiff did not accompany his request or his response to the dispositive motion with a request for the court to hold the motion in abeyance while he conducted discovery, as outlined in Federal Rule of Civil Procedure 56(d). Plaintiff's medical records were set forth as an exhibit to Defendant's dispositive motion, which Plaintiff was permitted to kite and review. The court has reviewed the evidence submitted in connection with the dispositive motion. It contains scan results and diagnoses/impressions for the pertinent time period. The court is concurrently issuing a report and recommendation that Defendant's dispositive motion be granted.

Under these circumstances, the court does not find it appropriate to allow further discovery at this time. Therefore, Plaintiff's motion for discovery (ECF No. 39) is **DENIED**.

**2. Motion for Order of Unlimited Time to Examine Medical Files (ECF No. 40)**

Plaintiff asks for unlimited time to examine his medical files. In light of the court's ruling above that no additional discovery will be permitted, this request is **DENIED AS MOOT**.

**3. Motion to Compel (ECF No. 41)**

Plaintiff states that he asked the warden to have the medical department photograph his abdominal area to show the court the damage caused by Dr. Aranas' failure to allow him a follow up visit with his treating specialist, but the warden has not responded.

Plaintiff waited until well after the dispositive motion in this case was briefed to make this request. In addition, the court does not see what added value such a photograph would have as Plaintiff's medical records are before the court, and Plaintiff was permitted to describe his condition in his response to Defendant's dispositive motion. Therefore, this motion (ECF No. 41) is **DENIED**.

///

**4. Motion Requesting Examination by an Outside Doctor (ECF No. 42)**

Plaintiff seeks to be examined by an outside doctor pursuant to Federal Rules of Civil Procedure 35 and 26(b)(1). He says this will prove his hernia is in the condition it is because of Dr. Aranas' denial of a follow up visit with his treating specialist after his abdominal aortic aneurysm surgery.

Rule 35 allows the court, in a case where a party's physical condition is at issue, to order the party to submit to a physical examination. Fed. R. Civ. P. 35(a)(1). In this case, Plaintiff's existing medical records are sufficient for the court to determine the issue of whether Dr. Aranas was deliberately indifferent when he did not recommend surgical repair of Plaintiff's hernia in June or July of 2013, and when Plaintiff was not seen by his treating specialist following surgery. Therefore, Plaintiff's request for an examination by an outside doctor (ECF No. 42) is **DENIED**.

**IT IS SO ORDERED**.

DATED: November 22, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE